IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SASHIM M. HAMPTON, AIS#196393, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO.: 24-0029-KD-MU |
| ) | |
| YES-CARE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Sashim M. Hampton, an Alabama inmate, proceeding without an attorney, filed a complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff's complaint was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). (*See* electronic docket entry dated 1/31/2024). Upon review of this action's proceedings and for the reasons explained below, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute and to comply with the Court's order.

When Plaintiff filed his complaint, he did not pay the required $405 filing and administrative fees or file a motion to proceed without prepayment of fees. Because of this, the Court ordered Plaintiff to pay the required filing fee of $405 or file a motion to proceed without prepayment of fees, and the Court sent him the proper form and instructions to use to file a motion to proceed without prepayment of fees. (*See* Doc. 2). Plaintiff was ordered to comply with the order by March 4, 2024. (*Id*). The Court warned Plaintiff that failure to comply with the Court's order by March 4, 2024, would result in the dismissal of this action. (*Id.*) The Court further warned Plaintiff that a failure to notify

the Court of a change in address would result in the dismissal of the action. (*Id*.). The order and the Court's forms were sent to Plaintiff on February 5, 2024, and have not been returned to the Court by postal officials.

To date, Plaintiff has not filed a motion to proceed without prepayment of fees or paid the filing fee. Nor has Plaintiff communicated with the Court in any manner.

A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered a fundamental power of the court. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Moreover, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the two sources of a court's authority to *sua sponte* dismiss an action are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).

Because Plaintiff has not paid the filing fee or filed a motion to proceed without prepayment of fees, Plaintiff has failed to comply with the Court's order and failed to prosecute this action. Accordingly, it is **RECOMMENDED** that this action be **DISMISSED without prejudice,** as no lesser sanction will suffice to address Plaintiff's willful conduct. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for

disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y, Dep't of Children & Families*, 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **21st** day of **March**, **2024**.

                                        <u>/s/ P. BRADLEY MURRAY</u>
                                        **UNITED STATES MAGISTRATE JUDGE**